IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| HANNAH DOWDY, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. 4:16-CV-303 (CDL) |
| GEICO GENERAL INSURANCE COMPANY, | * |
| | * |
| Defendant. | * |
| | * |

O R D E R

Under well-established Georgia law, a liability insurance company is liable to its insured for any verdict rendered against its insured in excess of the policy limits if it had a reasonable opportunity to settle the claim before the verdict and it failed to exercise that degree of care that a reasonably prudent insurance company would have exercised under similar circumstances. *McCall v. Allstate Ins. Co.*, 310 S.E.2d 513, 514 (Ga. 1984).[1]  It also appears to be well settled that in addition to the amount of the excess verdict, the insured may recover any damages proximately caused by the entry of judgment upon that excess verdict, including damages for emotional distress.[2]

---

[1] This Court's jurisdiction is based upon diversity of citizenship, and therefore, it must apply Georgia substantive law. *Flintkote Co. v. Dravo Corp.*, 678 F.2d 942, 945 (11th Cir. 1982).
[2] Although the Court has not researched this issue, the Defendant concedes that emotional-distress damages post-verdict are recoverable.

As creative and zealous advocates are wont to do, Plaintiff's counsel seeks to push the envelope in this action and recover for all emotional distress suffered by Plaintiff after Defendant failed to accept the policy-limits demand in the underlying tort action, including distress preceding the entry of the excess verdict. Counsel has pointed this Court to no decision by any Georgia appellate court authorizing the recovery of pre-excess-verdict emotional distress damages in the failure to settle context. Moreover, counsel is unable to even point the Court to an example of any trial court in the state of Georgia having authorized the recovery of such damages. The Court informed the parties prior to the start of the trial that it had concluded that such damages are not recoverable under Georgia law. This Order explains the Court's rationale.

"An automobile liability insurance company may be liable for damages to its insured for failing to adjust or compromise the claim of a person injured by the insured and covered by its liability policy, where the insurer is guilty of negligence or of fraud or bad faith in failing to adjust or compromise the claim to the injury of the insured." *McCall*, 310 S.E.2d at 514. As the Georgia Supreme Court explained, "[h]ence, where a person injured by the insured offers to settle for a sum within the policy limits, and the insurer refuses the offer of settlement, the insurer may be liable to the insured to pay the verdict

rendered against the insured even though the verdict exceeds the policy limit of liability." *Id.* at 514-15. "The reason for this rule is that the insurer 'may not gamble' with the funds of its insured by refusing to settle within the policy limits." *Id.* at 515. The underlying rationale for this tort in Georgia is that an insurer owes a duty not to unreasonably expose its insured to personal liability in excess of the limits of the insured's insurance policy. *See Cotton States Mut. Ins. Co. v. Brightman*, 580 S.E.2d 519, 521 (Ga. 2003) (explaining that a tortious failure to settle claim prevents an insurer from unreasonably exposing its insured to excess liability for the sake of potentially minimizing the insurer's payout under the policy).

The parties agree that Plaintiff's cause of action is not complete until an excess verdict has been rendered against the Plaintiff. Georgia law clearly requires an excess judgment before an insured may bring suit under these circumstances. *Trinity Outdoor, LLC v. Cent. Mut. Ins. Co.*, 679 S.E.2d 10, 11 (Ga. 2009) (answering affirmatively the certified question whether an action for negligent failure to settle requires that an excess judgment be entered against an insured before the insured may bring suit).[3] Given the nature of the tort upon

---

[3] In *Trinity*, the Georgia Supreme Court based its rationale on the language of the insurance policy. The parties in this action agree

3

which Plaintiff's claim rests and the requirement under Georgia law that any such action cannot be brought without the insured first having an excess verdict entered against her, the Court finds that Georgia courts would likely conclude that emotional distress damages suffered prior to the entry of an excess verdict are not recoverable. Thus, any evidence of Plaintiff's emotional distress prior to the entry of the excess verdict is irrelevant and inadmissible.

IT IS SO ORDERED, this 21st day of September, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

that the language in the policy here is substantively indistinguishable from the policy in *Trinity.*